Arguments not to exceed 15 minutes per side. Mr. Posner for appellants. Good afternoon. Gerald Posner, the firm Posner, Posner & Posner, representing Dr. and Mrs. Musil, the plaintiffs and appellants in this case. Your Honor, it is our assertion that the trial court committed reversible error in granting summary judgment based on the statute of limitations in this insurance case. The practical effect is to allow State Farm the benefit of what we consider to be gamesmanship, advancing inconsistent arguments in the first case and second case, and being able to completely ignore the additional 923 pages of documents supplied to their accountant during the pendency of the first case, as well as access to thousands of pages more that the accountant didn't want copied. The critical operative date in this case was not the dismissal of the first case. It was when the first case was filed. It is clear that the argument of State Farm in the first case was the plaintiffs failed to comply with a condition precedent prior to filing suit. They were entitled to have all of these documents, tax returns, and so forth, so that they could complete their investigation before plaintiff brought suit. But is that the basis upon which, I think it was Judge Lawson, decided it? The Judge Cleland decided it. Yes, Your Honor. There are quotes there in the opinion. Then why did he even look at what had been given during the pendency of the lawsuit? He did not look at what was given during the pendency of the lawsuit. During the oral argument on that first case motion, it was admitted by defense counsel, yes, we have been getting in all these documents during this case, but it doesn't make a difference because the operative date, the important date, which rights are done, was the date the case was filed. That's the day you have to look at. That was their argument. It was the argument in the motion, it was the argument in the oral argument, and it is what Judge Cleland clearly stated had to be done before the case. So you are giving an opportunity, and even this court said, yes, you should have done it in the first place, but the dismissal without prejudice was within discretion to afford further opportunity. So the pages have to be counted somewhere. It was on a condition precedent argument that it was dismissed the first time, and it was within discretion because they said we didn't have an opportunity to go ahead and complete our investigation. We needed this investigation and the forensic accounting in order to determine the financial condition of the plaintiff, whether there was a motive for arson, whether there was misrepresentation as to income, and they couldn't afford the personal property that they were claiming in that case. Can I ask you a question? Why in the first appeal did you not say, you know, there's this first appeal, and it's brought by them as to whether this should be without prejudice. That is correct, Your Honor. You had a right at that point to file a cross appeal to say, hey, you know, we gave them everything they needed. Judge Cleland was just wrong about that. So why didn't you fight that fight then? Because we didn't give that to them before. Those other tax returns weren't given to them before the case was started. All these other documents were after the case was started. It is a discretionary matter for him to say, I can do it with, I can do it without. Substantial compliance, there was partial compliance. Was it substantial or not? But, again, it's before the first case was started. And at this point, it doesn't make a difference because you have the dismissal without prejudice. We've given them another 1,000 pages of documents. We've given them access to 10,000 other pages of documents. Now they're going to complete their investigation and, under Smithson, under other cases, give a denial or decide to pay. We can deal with it then at that time.  You keep referring to the number of pages. Giving somebody a lot of pages necessarily then means that you gave them what they asked for. Is there any place in the record, first case or the second case for that matter, where we can go and look at a list? So on the one side of it, it says all the things that they asked for. On the other side, it says everything you gave them that satisfied that request. Because I can't find that. All right. Here is where we're talking. We're talking the detailed affidavit of plaintiff's accountant on the motion for rehearing. I think it's pages 255 plus. And he tells them what he gave them. He gives a list. Those were his notes from the meeting. The two accountants got together. They went through all these documents. They said, what do you really need? I'm just fascinated why some place you don't tie all this together and say, this is what they asked for, this is what we gave them. At best, you can point me to an affidavit of an accountant that says this is what we gave them. So then we would have to find what they asked for and see if it does or doesn't match up. Is that the deal? Well, Your Honor, he has down there, he says, at a very minimum, we have the tax returns. This shows the tax returns. It also shows the number of pages given for the tax returns. You have personal tax returns, you have 110 pages. You have 1120S, he puts, 120 pages. He marks down the notes when the accountants got together and decided what was, what did he really want copied and not want copied out of everything that he took a look at. There were certain documents that didn't exist. There are things marked on there, for example, for the produce, the Square Plaza, and the accountant said nothing is done, no activity. So those weren't done. But these were done contemporaneously when the two accountants got together, went through everything, and he got whatever he wanted. I would note, Your Honor, that in that second case, there's no affidavit from their accountant or anyone else denying that they got all these matters. There is a statement. That's because they already won that issue. No. Cleveland had already ruled on that. So where do I go to find this comparison? And if it isn't there, just tell me it's not there. Your Honor, I think the comparison is there in the affidavit. It's there in the pleading showing that he did get it. So the place I should look is the affidavit? The place you should look is the affidavit. And that will tell me what was requested and what was turned over, right? That is correct, Your Honor. That answers the question. Thank you. Okay. What about the judge's opinion in the first case where he says, Plaintiffs did not expressly state in their response or at the hearing that they were unable to deliver the requested documents. Instead, it's undisputed that plaintiffs agreed on several occasions to provide the documents, but there's no evidence presented that would permit a jury to find that they in fact so produced. Although plaintiffs have produced voluminous materials for defendant's review, they were contractually obligated to produce all documents reasonably requested by defendant. Substantial performance of the contract required them to cooperate with defendant's reasonable investigation for which the tax documents, among others, were necessary. So isn't he looking at what happened since the case was filed and saying that no reasonable jury could find that you produced the documents? Absolutely not, Your Honor. That was in reference to the facts pled and argued that there were a number of letters to prior counsel, Duncan Chemansky, who promised to produce those documents also at the examination under oath that he was going to produce them and didn't produce them at that time. The other parts of the opinion on pages... Let me just, we'll go to that in a second. Isn't it Judge Cleland who would know what he ruled, what this means? I mean, didn't he find or say in the second case that, look, I found that you hadn't produced the documents, so you're stuck with that. In other words, don't we have to give some deference to Judge Cleland's interpretation of his own opinion? I don't think so because when we look at the opinion itself and we look at what is argued and he talks about, again, in two places before the suit was commenced. There were condition precedent before the suit was commenced and these weren't produced before. You take a look at the argument of Mr. Heron and Mr. Heron admits, yeah, we now have most of the documents that were requested, but I don't know what to make of them and it doesn't make a difference because we didn't have them at that time. Mr. Heron says he doesn't even know what documents he had because he got them, the accountant got them the month before oral argument. They haven't looked at them. We reverse a lot of district court judges for misconstruing our opinions. It's not very often that we reverse them for misconstruing their own opinions. It may be, Your Honor, but in this case, in context, in looking at all the arguments and what's done, it was clearly representative of the trial court at that time that the defense counsel didn't know. He said, we got most of the documents in, but we didn't have them before suit was commenced. If we take a look at the pages of oral argument, that's exactly what Mr. Heron said. So there wasn't a question that there was not substantial compliance at the time that the motion was heard. The substantial compliance was to a condition precedent, which only occurs when the case is commenced. And after this, we do have all these documents. We don't have anything from them saying, I'm still missing any documents. We have correspondence after correspondence from Mr. Gerwin to defense counsel saying, in light of the fact the accountants got together, you went through all these things, you have all these documents, please tell us, is there anything else you are missing? We stand ready to cooperate, and we have nothing. And in light of all those other documents, and it would have been rather silly to give them the documents all over again after the case was dismissed, Smitham really says, you need a denial, you need a formal denial. You are getting reconsideration of your position based upon all these other documents, and they took extensive discovery here, now tell us what, that's what's necessary. I see your red light is on. I don't know if you want to save time for rebuttal or what you want to do. I will save time for rebuttal, Your Honor. Great, thank you. Mr. Berlin? Good afternoon, Kerry Berlin on behalf of State Farm. I first want to just clear up a couple of things. I do think that Judge Cleland was looking at the documents that came in during the case, and in fact when we were here the first time before this court, Judge Doherty asked me, because I argued that it should be on the data suit, and she asked me, tell me a case that says that, and I said, unfortunately, Judge, I do not have one, and so that was part of the argument was that the documents that came in after litigation were being considered, which is why when Judge Cleland was looking at it, he looked at State Farm's expert's affidavit saying the documents he still did not have, and there was that discussion about, and it's in Judge Cleland's ruling, that they're saying that what Mr. Herron said, that he didn't understand everything we had, and the judge said that was later clarified, and he said these documents we still do not have. You're claiming you don't have the tax documents? I'm claiming I don't know, to be honest with you. Well, what kind of an answer is that? This affidavit came in 2012, the first time we were ever told that they gave us these documents, and that was in the motion for reconsideration in front of Judge Cleland. But you got a letter saying, look, we've given you all these documents, what are you missing? The way I read the letters that were sent to me is that he was saying, in light of what you've gotten during discovery, tell us what else you need, and at that point we were still under the impression that we did not have these, and that's why I said, look at what the trial court said you didn't produce, produce that at a minimum. However, by the time we got to those letters, in my view, the statute had already run, so I didn't want to start saying, give me this, this, and this, to enlarge the statute by reopening the investigation of the claim. As the court recalls, during my first appeal to this court, I argued that at that point the statute had already run, and so we were kind of in an academic discussion, but because I wasn't sure, I asked for a ruling on the case and got one that wasn't favorable. So we did go through that argument back at that point. I think the important part is, if they're saying that they gave us these documents on November 3, 2010, and the affidavit does say that, had they produced that at the first hearing, from my understanding, my reading of Judge Cleland's order, is that he would have denied our motion. Isn't it ambiguous? I mean, in other parts he says, like in your motion for rehearing, he makes it clear that they didn't, they had not produced the required documents at the time they filed their action, doesn't he? Correct, but then he also discusses more of the documents that had to be, and that's, I think, why he found that it wasn't a dismissal with prejudice, because they had been cooperating to some extent. He said that these other documents are the ones that are crucial, and had we had this affidavit, it would have at least created a question of fact as to whether or not they had substantially complied. At least that's the way I read his ruling. Let me ask you a question about these dates, because saying these arguments so far are clearing this up is probably an exaggeration. The argument that Mr. Posner is making, as I understand it, is everything Judge Cleland was saying related back to whether or not the documents had been properly provided at the time that the action had been filed. Is that your understanding of his argument? Yes. Now, I'm looking at the order issued by Judge Cleland in connection with the motion for reconsideration, and he says the court's finding that plaintiffs had not, as of December 13, 2010, provided plaintiff with the requested documents became the law of the case when the court issued its order on that date. December 13, 2010 is not the date as of when the complaint was filed. That's the date when he granted summary judgment. Correct. So it looks to me like there's no ambiguity that Judge Cleland was saying, at least by the time he got to reconsideration, that he looked to see what had been filed or exchanged, not only at the time the complaint was filed, but throughout the course of the action up to the time summary judgment was granted. I agree. And that's your case, isn't it? That's the major chunk of it, correct. The other part is, and if that ends it, then that ends it. That's wonderful. But there is also this issue of even if you want to give them Mr. Posner's other argument that kind of brought up during the reconsideration was that, well, they had the document and they had to re-deny the claim in order to start the statute running again. I think by State Farm's actions after November 3, 2010, arguing a motion in front of Judge Cleland, filing a reconsideration motion, filing an appeal with this court, telling them numerous times, we don't have these documents, was denying that they had complied and still didn't even address the other defenses that, you know, under the Smith decision it says they have to know under no uncertain terms that their claim is not going to be paid and that the statute is restarted. At a minimum, one of these issues must have told them that State Farm wasn't going to pay their claim that the statute had restarted. At least when I told in my brief to this court that the statute had already run, certainly should have, I think, given someone an indication that, at a minimum, the statute had started running, if not already run out. And all they had to do at any point is refile their second suit and said, here's what Judge Cleland told us we had to give them. We gave it to them on such and such a date. Here's our second lawsuit within the 49 days after he dismissed their first case without prejudice and we wouldn't be here. That's what Smith and the statute and the policy require, is that you have, and when a case is dismissed without prejudice, I don't think he disputes this anymore, that tolling no longer occurs for the one-year period of limitations. And they miss that, not by a few days or a few weeks, but about eight months, give or take a month, depending on when you say the tolling ended. 603 days, whatever that equates to. I don't get that. I thought the statute of limitations tolling ended either on December 13, 2010, or January 15, 2011. So I'd say right around January 1, 2011. August of 2012. I get it. So about not eight months, but more like 20 months. Yes. About a week short of 20 months, I think it was. And then it's 505 days after our brief on appeal was filed, where we said the statute had already run out. So if I was going to be cautious and I thought I still had time, I would have filed it within that time there. 73 days after this court upheld the dismissal without prejudice, and even 59 days after the July 2, 2012 letter saying, we consider this matter closed, we don't have the documents. And they're allowed to say that our defenses are wrong. I believe they would with all of our defenses, the arson, the fraud. So just because we have a defense and they're denying their claim based on something, they don't have to accept it. They can say you're wrong and here's our lawsuit challenging it. But they didn't do that within the 49 days either. They continued to delay for whatever reason, and then they write the second letter saying that if we don't hear from you and this is like end of July, we're going to consider this the date of denial for the, I guess, to start the tolling again. That's a completely... I thought that was clever. Sorry. Kind of transparent for what they were doing, but it made sense. So I think that Judge Cleland understood what was going on and that's why he dismissed the second case and that's why he denied the motion of reconsideration. Okay. Thank you. Thank you very much, Mr. Berlin. Mr. Posner, do you have some rebuttal time? Yes, Your Honor. As to a few things. The motion for rehearing in the first case, the order, that's where it said that you have to, although we gave them after repeated requests no assertion that they were provided prior to the commencement of the first suit. The insurance contract required them to provide it prior to bringing suit. That's exactly what was... Are you quoting the District Court of the insurance? I am quoting the District Court's opinion on reconsideration in the first case when defendant brought... Isn't the point that all that's been established is the District Court's opinion contains some ambiguity on this score and then the second opinion clears it up? I don't think so, Your Honor, because what you have under smythem is that you have an opportunity, and this court said they have an opportunity to continue the investigation. They said they needed this investigation. They were given all these other documents to do it. When we take a look at the dates... Do you have a question? Is the motion for reconsideration order dated April 24, 2013, the second case or the first case? Second case. Okay. Now, in the second case, how do you respond to... This is what Judge Sutton was asking. How do you respond to what I asked Mr. Berlin, and that is in the motion for reconsideration in the second case, Judge Cleland then explains what happened previously. Let's assume that's in the first case, and he says the court's finding that plaintiffs had not, as of December 13, 2010, provided defendant with the requested documents became the law of the case. Now, there's no ambiguity about that. No, Your Honor, but we believe that's dead wrong when you take a look at the record itself, you take a look at the opinion itself, you take a look... Wouldn't you say, in fairness, that the initial opinions, the best you can say is they speak in both directions? In other words, it's ambiguous. I really wouldn't agree with that, Your Honor, because it has to be taken... Aren't there some statements that hurt you? How can you say that? Because it has to be taken in context of the motion itself and the argument and what is pressed was the condition precedent, and they do speak to the condition precedent, and precedent is before you bring the suit. And when you start taking a look at dates, and we take a look at dates when the motions filed, when their accountant gave the affidavit, the list that he gave was actually prepared in September. It was October that the affidavit says, we have the list of things not produced, produced and not produced. And Mr. Heron says, we formulated our request for production of documents based upon that list, so what happened in an earlier time, the accountants met together later in October and they're given documents in November. You put those things together, it's obvious that we're not talking about what's given to date. That together with Mr. Heron's documents and argument and admission at the time of argument is, yes, we just got most of these things in during the pendency of the action, and continued argument, it doesn't make a difference because the time period you have to look at is when suit is commenced. And here we did everything we could to give them the additional matters. All they had to say, and even under Jimenez, which Smith quote says, entirely reasonable to require a formal denial in order to re-trigger the running of the one-year period. There's no 49-day period here. You guys always stand on your rights, I get that. But you knew there was a limited period of time in the statute left. No. Ignore it? No, Your Honor. That is the misstatement of law. You're kidding. You thought you just had forever to file it? No. What you have, Your Honor, and the rest, there's no 49-day period you have. What you have is you give the documents, they give a denial. When they give a denial, then the period sits and starts to run. The statement that they have made that somehow there are 49 days for you to submit documents based upon EO2 is wrong. When you look at the EO2 opinion, it doesn't say that. Let me put it another way. You at least knew that they claimed you had a limited period of time within which to act, right? Not until they filed their brief in this court saying, ha-ha, it's moot, your time is gone. That answers the question. That's yes. You did know they were making the argument. There were limits on how long you could wait to file. I'm just trying to figure out why you waited 20 months. At that time, if you had filed right then, at that time, according to their argument, it's gone anyway. By the time it got to this court, sure. By the time it got to this court, it would be gone. If we refiled the case immediately, let's say you filed it the next day. I'm certain that you had provided all these documents. I don't think it's dispositive. I'm just curious. Look, if we defile the case the next day, he dismisses the case, we file the case the next day. We're going to get those same arguments on a motion for summary judgment. Fine. It doesn't answer the question. I'm just curious. If there's no answer, tell me there's no answer. Why did you wait 20 months? Because we were sitting and waiting for a determination for them to complete their investigation. If we start it immediately, we're going to get a motion for summary judgment that says either you didn't give us a chance to complete your investigation or you're missing A, B, C, and D, which is exactly what we asked them for. The answer is you believe they were in the midst of an investigation. Yes, Your Honor, based on the additional information which we gave them. Fine. Thank you. Okay. Thank you very much, Mr. Posner and Mr. Berlin, to both of you for your helpful oral arguments and briefs. We'll see if this is the last trip here to the court on this case. Probably everyone hopes that's true. So we'll work through it. The case will be submitted and the clerk may call the last case.